## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ENVISION, LLC, a Missouri limited liability company, | ) ) ) | |
| ROBERT D. and SUE BOHM, husband and wife, | ) ) ) | **NOTICE OF REMOVAL** |
| and | ) ) | |
| EDWARD MOCK, on their own behalf and for all others similarly situated persons, | ) ) ) | Case No. _____ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| THE ST. LOUIS RAMS, LLC., a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

Defendant The St. Louis Rams, LLC, hereby removes to this Court the state court action described below, initiated by the filing of the petition contained in the state court file attached hereto as **Exhibit A**.  Removal is proper under 28 U.S.C. §§ 1332(a) and 1441(a), because complete diversity exists and individual class member, Envision, LLC, asserts a claim that exceeds $75,000.  The Court has supplemental jurisdiction over the other named-plaintiffs' and putative class members' claims under 28 U.S.C. § 1367.  Alternatively, removal is proper under the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332(d), 1441(a) and 1453, because this is a putative class action placing in controversy more than $5,000,000 and because there is minimal diversity between the parties under § 1332(d)(1).

## NATURE OF THE CASE

1.      Plaintiffs' claims arise out of the Rams' NFL-approved move from St. Louis, Missouri, to the Los Angeles, California, area.

2.      Plaintiffs allege that they, and members of a putative class, acquired "personal seat licenses," or PSLs, that granted them the right to purchase season tickets for specific seats in the Edward Jones Dome (the stadium in which the former St. Louis Rams played home games) "for each and every football season through the year 2025." Pet. ¶ 6, 8; *see also* ¶¶ 11-13.

3.      The Defendant, The St. Louis Rams, LLC, is the owner of the former St. Louis Rams National Football League franchise, now known as the Los Angeles Rams.  *Id.* ¶¶ 4.

4.      Plaintiffs allege that they acquired PSLs for between $500 (for basic PSLs) and $4,500 (for "upgraded" PSLs) and that "[m]ore than 50,000 other persons, principally residents of the St. Louis metropolitan area, also purchased PSLs from" the Defendant (or its predecessor, the St. Louis Rams Partnership).  *Id.* ¶¶ 11-14.

5.      Specifically, named Plaintiff Envision, LLC claims to have purchased six PSLs for a total of $27,000.  According to the Petition, Envision "paid for season tickets for the 6 seats for which they hold PSLs every year since the Rams started playing football in St. Louis." *Id.* ¶ 11.

6.      Plaintiffs attach as Exhibit 1 to their Petition a "Regular Patron CPSL[1] Agreement," pursuant to which they allege that they purchased their PSLs.  *Id.* ¶ 7 & ex. 1. Plaintiffs claim that the CPSL Agreement granted them "the right to purchase season tickets for the assigned seats for each and every football season through the years 2025." *Id.* ¶ 6.

7.      Plaintiffs seek, among other things, a declaration from this Court that they, and all other persons who hold Rams PSLs, are entitled to: (1) purchase tickets at any venue in the Los Angeles area in which Rams games will be played that are comparable to their seats at the

---

[1] CPSL stands for "Charter Private Seat License."

2

Edwards Jones Down; (2) transfer said tickets and/or their PSLs to others; and (3) retain any remuneration received from such transfers.  *See* Pet. ¶ 20; *id* pp. 7-8, "Wherefore" clause (b).

8.     Plaintiffs further allege, on information and belief, that The St. Louis Rams, LLC will not allow Plaintiffs to acquire such tickets or make such transfers.  *Id.* ¶ 21.

## BASES FOR REMOVAL

9.     Removal of this action is appropriate for two independent reasons.  First, removal is proper under 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy for named Plaintiff Envision, LCC exceeds $75,000.  The Court may exercise supplemental jurisdiction over the other named Plaintiffs' and putative class members' claims pursuant to § 1367(a).  Alternatively, removal is also appropriate under the Class Action Fairness Act, and 28 U.S.C. § 1332(d), because this is a class action placing in excess of $5 million in controversy and there is at least minimal diversity between the parties.

10.     Sections 1332(a) and 1333(d) provide independent bases for removal and the Court need not address CAFA removal once it determines that removal is appropriate under § 1332(a).  However, in order to preserve a full record as to all bases for removal, Defendant sets out the bases for removal under each section below.

## I.     THIS COURT HAS JURISDICTION UNDER § 1332(a).

11.     Section 1332(a) vests a federal court with jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Both requirements of § 1332(a) are met here.

### A.     Envision, LLC's Claim Individually Exceeds $75,000 in Value.

12.     Here, the value of Envision, LLC's claims exceeds $75,000.

13.     The requested declaratory relief, if granted by this Court, would entitle Envision, LLC the right to receive compensation from:  (1) the sales of its six Rams season tickets for the next nine years (until 2025), and/or (2) the transfer of its six PSLs.  *See* Pet. ¶ 20; *id* pp. 7-8, "Wherefore" clause (b).

14.     The right to receive compensation from the sale of its season tickets through the year 2025 alone satisfies the $75,000 amount in controversy requirement set forth in § 1332(a) for the claim asserted by Enivision, LLC.  The 2015 season ticket price for the type of seats purchased by Envision, LLC was $1,510 per seat.  If Envision, LLC purchased six seats (as alleged in the Petition), its 2015 season tickets had a face value of $9,060.  The Rams have not yet set season ticket prices for the 2016 season or beyond.  However, even if there is *no* increase in the face value of Rams season ticket prices in the Los Angeles market over the next nine years, the face value of the six season tickets to which Envision, LLC claims a right totals $81,540.

15.     Similarly, while not yet offered for sale, the anticipated value of six private seat licenses to be offered by the Los Angeles Rams will exceed the $75,000 amount in controversy requirement.  In order to meet the $75,000 threshold, the cost of a single "upgraded" PSL would only need to equal $12,500.

**B.      Plaintiffs and Defendant Are Citizens of Different States and Completely Diverse for Purposes of § 1332(a).**

16.     For purposes of § 1332(a), the citizenship of the Defendant – an unincorporated association – is determined by reference to the citizenship of its members.  *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding "an LLC's citizenship is that of its members for diversity jurisdiction purposes"); *see also Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004)

("Lind–Waldock is a limited liability company, which means that it is a citizen of every state of which any member is a citizen; this may need to be traced through multiple levels if any of its members is itself a partnership or LLC.").

17.     The members of The St. Louis Rams, LLC are ITB Football Company, L.L.C. and KSE Football, LLC.

18.     The members of ITB Football Company, L.L.C. are E. Stanley Kroenke, a citizen of Wyoming, and KSF Football, Inc., a Delaware corporation with its principal place of business in Colorado.

19.     KSE Football, LLC's sole member is Mr. Kroenke.

20.     Thus, The St. Louis Rams, LLC is, for purposes of § 1332(a), a citizen of the states of Wyoming, Delaware, and Colorado.

21.     Upon information and belief, each of the named plaintiffs are citizens of Missouri.

22.      Because none of the named Plaintiffs are citizens of the same states as The St. Louis Rams, LLC, the requirements of § 1332(a) are satisfied and removal is appropriate under 28 U.S.C. § 1441(a).

23.     The Court has supplemental jurisdiction over the other the claims asserted by the Bohms and Mr. Mock and the putative class members under 28 U.S.C. § 1367(a).

## II.     PLAINTIFFS' PETITION IS SUBJECT TO REMOVAL UNDER CAFA AND § 1332(d).

24.     Section 1332(d) of Title 28, adopted pursuant to CAFA, provides that:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . .

5

25.     Thus, CAFA provides for removal of any action that: (1) is a class action; (2) puts in controversy the "sum or value of $5,000,000"; and (3) includes any class member whose citizenship is different from any defendant.

**A.     This is a Class Action.**

26.     This lawsuit is a class action as defined by CAFA under 28 U.S.C. § 1332. Section 1332(d)(1)(B) defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  *Id*.  Plaintiffs title their action "Class Action For Declaratory And Injunctive Relief," Pet. p. 1, and seek certification with the named plaintiffs as class representatives, *id*. ¶ 24.   Thus, this action is brought on behalf of a class as defined by CAFA.[2]

**B.     The Value in Controversy Exceeds $5,000,000.**

27.     While Plaintiffs never expressly define their proposed class, they claim to "seek to represent all persons and entities who are currently PSL owners," Pet. ¶ 8, and purport to seek relief on behalf of themselves and "all other persons who purchased PSLs from the Rams Partnership or The St. Louis Rams, LLC," *id*. p. 7, "Wherefore" clause (b).  Defendant therefore understands Plaintiffs to seek to represent all original purchasers of PSLs and their transferees.

28.     Plaintiffs allege that, in addition to themselves, "[m]ore than 50,000 other persons" acquired PSLs from the Defendant, or its predecessor, the St. Louis Rams Partnership.

29.     Plaintiffs allege that they paid between $500 and $4,500 for their PSLs, *see* Pet. ¶¶ 11, 12, and that they and the unnamed putative class members are "similarly situated," *id*. ¶ 24(e).  Thus, as pleaded by Plaintiffs, the original value of the PSLs acquired or owned by the

---

[2] Section 1332(d)(5) exempts class actions with less than 100 proposed class members from CAFA removal, a limitation not applicable here.

50,000 putative class members is between $25 million and $225 million and the value of converting those PSLs to allow the acquisition of equivalent seats in Los Angeles will exceed $5 million.

**C.    The Parties Are Diverse.**

30.    At the time this lawsuit was filed and as of the date of this Notice of Removal, some, but not all, of the putative Plaintiffs are citizens of Missouri while the Defendant is (for purposes of Section 1332(d)) a citizen of both Missouri and Delaware, giving rise to "minimum diversity" sufficient for CAFA removal.

**1.    The Delaware Organization of the Defendant Creates Diversity Sufficient for CAFA Removal.**

31.    As an initial matter, at least some members of the putative class of Plaintiffs are citizens of Missouri as are, on information and belief, the name Plaintiffs.  Thus, if the Defendant is a citizen of any state other than Missouri, CAFA's requirement that "any member of [the] class of plaintiffs is a citizen of a State different from any defendant" will be satisfied.

32.    Here, The St. Louis Rams, LLC is a Delaware limited liability company with its former principle place of business in Missouri (and its new place of business shortly to be in California).

33.    While other federal diversity rules (including those applicable to removal based on § 1332(a), as noted above) measure the citizenship of unincorporated associations – such as limited liability companies – by reference to the citizenship of their members, CAFA departs from that rule.  *See SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 688-89 (E.D. Va. 2011) (noting CAFA's statutory deviation from the traditional rule).

34.     Instead, § 1332(d) follows the rule of citizenship applicable to corporations, deeming an unincorporated association a citizen of the state or states "where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d).

35.     Because The St. Louis Rams, LLC was organized under the laws of the state of Delaware, it is a citizen of Delaware.

36.     As a result, each Missouri citizen who is a member of the class "is a citizen of a State different from" The St. Louis Rams, LLC.  *See Fuller v. Home Depot Servs., LLC*, No. CIV.A.1:07CV1268 RLV, 2007 WL 2345257, at *2-*3 (N.D. Ga. Aug. 14, 2007) (accepting removal where a purported class of Georgia plaintiffs sued a Delaware LLC with its principal place of business in Georgia).

37.     Unlike § 1332(a), which requires "complete diversity," *see Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)*,* § 1332(d) provides that removal is appropriate where "any member of [the] class of plaintiffs is a citizen of a State *different from* any defendant[.]" Exclusive citizenship in Missouri (the citizenship of any natural person resident in Missouri with the intent to remain) is "different from" dual citizenship in which a corporate entity is a citizen of both Delaware and Missouri.  *See Fuller*, 2007 WL 2345257, at *2-*3.[3]

38.     Thus, The St. Louis Rams, LLC's Delaware citizenship gives rise to minimum diversity sufficient to support removal under CAFA.

---

[3] While the Eighth Circuit has not addressed the issue, Professor Martin Redish notes in *Moore's Federal Practice* that *Fuller* "makes perfect sense.  If the statutory dictate that a corporation is a citizen of both its state of incorporation and the state in which it conducts its principal place of business is to be modified, Congress must do so expressly."  *See* 15 *Moore's Federal Practice - Civil* § 102.26[b][i] (West 2016).

## 2.    Illinois Plaintiffs Create Diversity Sufficient for CAFA Removal.

39.    Plaintiffs' class definition also creates diversity, and therefore supports CAFA removal, because Plaintiffs do not limit the class they seek to represent to Missouri citizens.  By way of example, numerous citizens of Illinois have acquired PSLs and fall within the class.  Such class members have citizenship that is diverse from that of The St. Louis Rams, LLC, even assuming it is treated is a Missouri citizen, creating additional diversity for CAFA purposes.

40.    The requirements of § 1332(d) are thus satisfied and removal is appropriate under 28 U.S.C. § 1441(a).

## CONCLUSION

For all the foregoing reasons, Defendant The St. Louis Rams, LLC respectfully requests that the Court exercise jurisdiction over this action, as mandated by 28 U.S.C. §§ 1332(a), 1332(d), 1441(a), and 1453.  Defendant intends no admission of liability by this Notice and expressly reserve all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiffs' pleadings and to the propriety of class certification.

Dated: February 26, 2016                              Respectfully Submitted,

                                                      DENTONS US LLP

                                                      By:  */s/ Roger K. Heidenreich*
                                                           Roger K. Heidenreich, #40898MO
                                                           Elizabeth Teutenberg Ferrick, #52241MO
                                                           Amy E. Sestric, #66219MO
                                                           One Metropolitan Square
                                                           211 N. Broadway, Suite 3000
                                                           St. Louis, MO 63102-2741
                                                           Telephone:  (314) 241-1800
                                                           Facsimile:  (314) 259-5959
                                                           *roger.heidenreich@dentons.com*
                                                           *elizabeth.ferrick@dentons.com*
                                                           *amy.sestric@dentons.com*

                                                      *Attorneys for The St. Louis Rams, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following, and a copy of the foregoing was also served via U.S. mail to:

> David R. Bohm
> John F. Cooney
> Robert L. Devereux
> Danna McKitrick, P.C.
> 7701 Forsyth Boulevard, Suite 800
> St. Louis, Missouri 63105
> *Attorneys for Plaintiffs*

 */s/ Amy E. Sestric*
