16SL-CC00163

Electronically Filed - St Louis County - January 15, 2016 - 03:51 PM

IN THE MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
(ST. LOUIS COUNTY)

| | |
|---|---|
| ENVISION, LLC,<br>A Missouri Limited Liability Company,<br><br>ROBERT D. AND SUE BOHM,<br>Husband and Wife,<br><br>and<br><br>EDWARD MOCK,<br><br>On Their Own Behalf and for All Other<br>Similarly Situated Persons,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE ST. LOUIS RAMS, LLC,<br>A Delaware Limited Liability Company,<br><br>    Defendant. | Cause. No.<br><br>Div. No. |

Serve: Alan Bornstein, Registered Agent
       One Metropolitan Square Suite 3000
       St. Louis, MO 63102

**CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiff, Envision, LLC is a Missouri limited liability company with its principal place of business in St. Louis County, Missouri.

2. Robert D. Bohm and Sue Bohm, husband and wife, are residents of St. Louis County, Missouri.

3. Edward Mock is a resident of St. Charles County, Missouri.

4. The St. Louis Rams, LLC, is a Delaware Limited Liability Company in good standing, and is the successor in interest of The St. Louis Rams General

**EXHIBIT**

**A**

Partnership, a Delaware General Partnership (the "Rams Partnership"). The Rams Partnership, and subsequently The St. Louis Rams, LLC, have operated a National Football League ("NFL") team, known as the St. Louis Rams, from in or about 1995 through 2015.

5. In or about 1995, the Rams football team relocated from Los Angeles, California to St. Louis, Missouri.

6. As part of the relocation process, the Rams Partnership sold "personal seat licenses" ("PSLs") to fans, with the Rams retaining all proceeds from the sale of PSLs. Persons purchasing PSLs were assigned specific seats in the stadium in St. Louis (currently known as the "Edward Jones Dome") and granted the right to purchase season tickets for the assigned seats for each and every football season through the year 2025.

7. The Rams Partnership entered into an agreement with purchasers of PSLs titled "Regular Patron CPSL Agreement" ("Agreement"). A copy of the Agreement is attached hereto as Exhibit "1".

8. Plaintiffs seek to represent all persons and entities who are currently PSL owners pursuant to the Agreement.

9. Upon information and belief, The Rams Partnership assigned its interest in the Agreement to The St. Louis Rams, LLC, as permitted by section 6 of the Agreement.

10. Jurisdiction and venue is appropriate in this Court pursuant to section 11.C. of the Agreement, which provides that any action brought under the Agreement may be brought in the 21st Judicial Circuit of the Circuit Court of the State of Missouri.

11. Envision purchased 6 PSLs when the Rams moved to St. Louis, pursuant to the Agreement, for $4500.00 each, or a total of $27,000.00. Because Envision agreed to purchase PSLs before the Rams moved to St. Louis, they are what the Rams, and the Agreement, refer to as "charter PSL holders". Envision has paid for season tickets for the 6 seats for which they hold PSLs every year since the Rams started playing football in St. Louis.

12. Robert Bohm and Sue Bohm purchased 2 PSLs, pursuant to the Agreement, when the Rams moved to St. Louis, for $500.00 each, or a total of $1,000.00, and are also considered to be "charter PSL holders." Subsequently, the Bohms "upgraded" their PSLs on two occasions, and on each occasion paid fees to either the Rams Partnership or The St. Louis Rams, LLC for the upgraded PSLs. The first upgraded PSLs were purchased by the Bohms from the Rams Partnership, and the second set of upgraded PSLs were purchased by them from The St. Louis Rams, LLC. These upgraded purchases were governed by the Agreement. The Bohms paid $4500.00 each, or a total of $9,000.00 for the PSLs most recently purchase by them. The Bohms have paid for season tickets for the 2 seats for which they held, or currently hold, PSLs every year since the Rams started playing football in St. Louis.

13. Robert Messmer, a charter PSL holder, transferred his interest in 2 PSLs, for which he had paid $500.00 each, or a total of $1,000.00, to Edward Mock in or about 2010. A transfer fee was paid to The St. Louis Rams, LLC by Mr. Mock in conjunction with this transfer, as provided in section 3.D. of the Agreement, and the transfer was recorded on the books and records of The St. Louis Rams, LLC. Since the effective date of the transfer, Edward Mock has been considered by the team to be the PSL

Electronically Filed - St Louis County - January 15, 2016 - 03:51 PM

Electronically Filed - St Louis County - January 15, 2016 - 03:51 PM

holder of record, has been billed by The St. Louis Rams, LLC, and has paid, for season tickets for the two seats associated with the PSLs transferred to him by Mr. Messmer.

14. More than 50,000 other persons, principally residents of the St. Louis metropolitan area, also purchased PSLs from the Rams Partnership or The St. Louis Rams, LLC. Because of the large numbers of persons who purchased PSLs from the Rams Partnership or The St. Louis Rams, LLC, it is impractical to join all said persons as parties plaintiff to this lawsuit.

15. Section 1 of the Agreement provides, in relevant part, that: "Once Licensee's Seats have been determined, Licensee will be entitled to the opportunity to purchase Season Ticket(s) to Licensee's Seats for all the Games at the Stadium until March 1, 2025, subject to licensee complying with all of the terms and conditions of this Agreement."

16. Each of the Plaintiffs have fulfilled all of their obligations under, and complied with all terms and conditions of, the Agreement.

17. Section 7 of the Agreement provides, in relevant part, that: "If the Team plays any of their NFL games other than at the Stadium (e.g., at Busch Stadium), the Team will use its best efforts to assure the Licensee the right to purchase, on a pro rata priority basis, tickets for seats in the stadium where the transferred games are played."

18. Section 3 of the Agreement permits PSL holders to transfer the PSLs owned by them to third parties, provides for such transfers to be recorded on the books and records of the Team, and further provides for a fee to be paid to the Team in conjunction with any such transfer.

Electronically Filed - St Louis County - January 15, 2016 - 03:51 PM

19. Stan Kroenke, the owner of The St. Louis Rams, LLC (and/or one or more entities owned or controlled by him) purchased real property in the Los Angeles, California metropolitan area in or about early 2015, with the intention of building a football stadium on said real estate. In or about late December, 2015, The St. Louis Rams, LLC applied to the NFL for permission to move the Rams football team to the Los Angeles, California metropolitan area. On or about January 12, 2016, the NFL owners voted to permit the Rams to move to the Los Angeles area.

20. Under the Agreement, persons who purchased PSLs are entitled to: (a) purchase tickets for games to be played by the Rams NFL football team through the 2025 season, whether those games are played at the stadium now known as the Edward Jones Dome or anywhere else (including the proposed new stadium in the Los Angeles area), and if the Rams' home games are played in a stadium other than the Edward Jones Dome, to purchase seats comparable to the seats for which they held PSLs at the Edward Jones Dome; and/or (b) transfer their interest in the PSLs purchased by them to others, so that the assignees will have the right to purchase tickets in the new stadium in Los Angeles, through the 2025 football season, for seats comparable to the seats that were assigned to the current PSL owners at the Edward Jones Dome.

21. Upon information and belief, The St. Louis Rams, LLC plan to sell new seat licenses for the stadium being built for the Rams to play in in the Los Angeles area. To date, The St. Louis Rams, LLC has not offered to sell tickets for games to be played at said new stadium to persons who purchased PSLs for seats in the Edward Jones Dome from the Rams Partnership or the St. Louis Rams, LLC. Upon information and

belief, the team does will not offer tickets to current PSL holders for games to be played in Los Angeles unless they first purchase PSLs for seats in the new stadium. Further, upon information and belief, The St. Louis Rams do not plan to honor the rights of assignees of current PSLs to purchase tickets in the new stadium.

22. A controversy exists between plaintiffs and defendant as to what rights plaintiffs have under the Agreement to purchase tickets to Rams football games which will be played between now and 2025 in the new stadium being built for the Rams in the Los Angeles area and/or to transfer their rights in the PSLs to others.

23. Plaintiffs have no other legal remedy available to them to resolve said controversy.

24. The Court should certify this suit as a class action, with the named plaintiffs as class representatives, in that:

    a. Plaintiffs' claims arise out of the same common course of conduct giving rise to the claims of the other members of the proposed Class. Plaintiffs' interests are coincident with, and not antagonistic to, those of the other members of the proposed Class. Plaintiffs are represented by counsel who are competent and experienced in the prosecution of declaratory judgment and class action litigation.

    b. Common questions of law and fact predominate in the claims of the proposed class members regarding their rights under the Agreement;

    c. The named plaintiffs will fairly and adequately protect the interests of the class;

Electronically Filed - St Louis County - January 15, 2016 - 03:51 PM

d. The St. Louis Rams, LLC, has acted or refused to act, as set forth in paragraph 20 of this Petition, on grounds generally applicable to the class, thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the class as a whole; and

e. a class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that class action treatment will allow a large number of similarly situated people to prosecute their common claims simultaneously, efficiently and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would engender. Further, class treatment will allow injured persons to obtain redress for claims that might not be practicable to pursue on an individual basis, substantially outweighing any difficulty that may arise in the management of this class action.

WHEREFORE, Plaintiffs pray:

(a) this Court certify this matter as a class action, with the named plaintiffs as representative or lead plaintiffs in this cause of action;

(b) this Court declare that plaintiffs, and all other persons who purchased PSLs from the Rams Partnership or The St. Louis Rams, LLC: (1) have the right to purchase tickets at any venue in the Los Angeles area in which games will be played by the Rams football team, including but not limited to the new stadium being built for the Rams football team in the Los Angeles area, that comparable to the seats which said PSL holders had been assigned at the Edward Jones Dome; and/or (2) may

transfer said rights to others, and retain any remuneration received by them for transferring their PSLs;

(c) this Court award costs and reasonable attorneys' fees to plaintiffs;

(d) for such other and further relief as deemed just and proper by this Court under the circumstances.

DANNA MCKITRICK, P.C.

BY: /s/ David R. Bohm
David R. Bohm, #35166
Robert L Devereux, #32963
John F. Cooney, #32522
7701 Forsyth Blvd., Suite 800
St. Louis, MO 63105-3907
(314) 726-1000/(314) 725-6592 fax
E-Mail: dbohm@dmfirm.com
rdevereux@dmfirm.com
jfcooney@dmfirm.com
**ATTORNEYS FOR PLAINTIFFS**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

ENVISION, LLC, et al. )
)
      **Plaintiffs,** )
) Case No. 16SL-CC00163
v. )
)
THE ST. LOUIS RAMS, LLC, )
)
      **Defendants**

### MOTION TO APPOINT SPECIAL PROCESS SERVER

COME NOW Plaintiffs, by and through undersigned counsel, and hereby request the appointment of Jack Eisen, Eisen Enterprises, 1601 Orchard Lakes Drive, St. Louis, Missouri , 63146, as special process server for service of Summons to Defendant The St. Louis Rams, LLC.

DANNA MCKITRICK, P.C.

BY:   /s/ David R. Bohm
David R. Bohm, #35166
Robert L. Devereux, #32963
John F. Cooney, #32522
7701 Forsyth Blvd., Suite 800
St. Louis, MO  63105-3907
(314) 726-1000/(314) 725-6592 fax
E-Mail: dbohm@dmfirm.com
        rdevereaux@dmfirm.com
        jcooney@dmfirm.com
ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that I caused true and correct copies of the foregoing document to be served upon the parties receiving notice through the Court's ECF system by filing with the Court's ECF system on this 19th day of January, 2016.

        /s/ David R. Bohm

Doc: 1446961

In the
# CIRCUIT COURT
Of St. Louis County, Missouri

ENVISION, INC., et al.
Plaintiff/Petitioner

vs.

THE ST. LOUIS RAMS, LLC
Defendant/Respondent

January 19, 2016
Date

16SL-CC00163
Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now **Plaintiffs**, pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
**Jack Eisen, Eisen Enterprises, 1601 Orchard Lakes Drive, St. Louis, MO 63146     314-993-1988**
Name of Process Server                Address                                    Telephone

_____
Name of Process Server           Address or in the Alternative                  Telephone

_____
Name of Process Server           Address or in the Alternative                  Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Name: The St. Louis Rams, LLC c/o Alan Bornstein, Reg. Agnt
Address: One Metropolitan Square, Suite 3000
City/State/Zip: St. Louis, MO 63102

SERVE:
Name:
Address:
City/State/Zip:

SERVE:
Name:
Address:
City/State/Zip:

SERVE:
Name:
Address:
City/State/Zip:

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

By **/s/Tara Chaney**
Deputy Clerk

JANUARY 20 2016
Date

David R. Bohm    /s/ D R B
Attorney/Plaintiff/Petitioner
35166
Bar No.
7701 Forsyth Blvd., Suite 800, St. Louis, MO 63105
Address
(314) 726-1000        (314) 725-6592
Phone No.                Fax No.

CCADM62-WS   Rev. 03/14



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number: 16SL-CC00163 |
|---|---|
| Plaintiff/Petitioner:<br>ENVISION, LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN FRANCIS COONEY<br>7701 FORSYTH BLVD<br>SUITE 800<br>ST LOUIS, MO 63105 |
| Defendant/Respondent:<br>THE ST. LOUIS RAMS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Declaratory Judgment | |

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: THE ST. LOUIS RAMS, LLC
Alias:
ONE METROPOLITAN SQUARE          SERVE: ALAN BORNSTEIN
SUITE 3000                                     REGISTERED AGENT
ST. LOUIS, MO  63102



**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

19-JAN-2016
Date

_____ /Clerk

**Further Information:**
ALD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
                                          Date                                Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ ( ____ miles @ $ _____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 16-SMCC-375    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 16-SMCC-375   2   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 16-SMCC-375**    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ENVISION, LLC, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 16SL-CC00163 |
| v. | ) |
| | ) |
| THE ST. LOUIS RAMS, LLC, | ) |
| | ) |
| Defendants | |

### FILING MEMORANDUM

Server's Return and Affidavit of Service as to service of Summons upon Defendant filed.

DANNA MCKITRICK, P.C.

BY:   /s/ David R. Bohm
David R. Bohm, #35166
Robert L. Devereux, #32963
John F. Cooney, #32522
7701 Forsyth Blvd., Suite 800
St. Louis, MO  63105-3907
(314) 726-1000/(314) 725-6592 fax
E-Mail: dbohm@dmfirm.com
        rdevereaux@dmfirm.com
        jcooney@dmfirm.com
ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that I caused true and correct copies of the foregoing document to be served upon the parties receiving notice through the Court's ECF system by filing with the Court's ECF system on this 1st day of February, 2016.

/s/ David R. Bohm

Doc: 1453471

## AFFIDAVIT OF SERVICE

Comes now JACK EISEN, and being duly sworn upon his states as follows his Return on a Summons in Civil Case directed to The St. Louis Rams, LLC.

1. That he served The St. Louis Rams, LLC by personally handing a copy of said Summons in Civil Case to Alan Bornstein, Registered Agent.

2. That said service was made at 10:30am on the 28 day of January, 2016 within the City of St. Louis, State of Missouri, at One Metropolitan Square, Suite 3000, St. Louis, MO 63102.

3. That the information given herein is true and accurate to Affiant's best knowledge, information and belief.

_____
JACK EISEN, Affiant

STATE OF MISSOURI
COUNTY OF ST. LOUIS

On this 28th day of January, 2016 personally appeared before me, the person who signed the foregoing Affidavit, that same was executed as Affiant's free act a Notary Public, the above named Affiant, who being duly sworn, declared that Affiant is and deed and that the statements therein are true and correct to the best of the Affiant's knowledge, information & belief.

_____
Marilyn L. Vale
Notary Public

My Commission Expires: 1-1-2017

MARILYN L. VALE
My Commission Expires
January 1, 2017
St. Louis County
Commission #12511050



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: ELLEN LEVY SIWAK | Case Number: 16SL-CC00163 |
|---|---|
| Plaintiff/Petitioner: ENVISION, LLC | Plaintiff's/Petitioner's Attorney/Address JOHN FRANCIS COONEY 7701 FORSYTH BLVD SUITE 800 ST LOUIS, MO 63105 |
| vs. | |
| Defendant/Respondent: THE ST. LOUIS RAMS, LLC | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Declaratory Judgment | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: THE ST. LOUIS RAMS, LLC
Alias:

ONE METROPOLITAN SQUARE
SUITE 3000
ST. LOUIS, MO 63102

SERVE: ALAN BORNSTEIN
REGISTERED AGENT



COURT SEAL OF
ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

19-JAN-2016
Date

_____
Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_The St. Louis Rams, LLC: Austin By Alan Bornstein_ (name) _Registered Agent_ (title).
☐ other _____
Served at _One Metropolitan Square, Suite 3000, St. Louis MO 63102_ (address)
in _St. Louis_ (County/City of St. Louis), MO, on _January 28, 2016_ (date) at _10:50 am_ (time).

_Jack Even_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _January 28, 2016_ (date).
My commission expires: _01-01-2017_
Date

_Marilyn L. Vale_
Notary Public

(Notary Seal) My Commission Expires January 1, 2017 St. Louis County Commission #12511050

Sheriff's Fees, if applicable
Summons       $_____
Non Est       $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage       $_____ (____ miles @ $____ per mile)
Total         $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 16-SMCC-375   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo